UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD CHARLES ELINE,

Plaintiff,

v.

MR. C. WALTER, M. ARNDT,
and CORRECTION CORPORATION
OF AMERICA,

Defendant.

CIVIL NO. 00-42 (MJD/JMM)

ORDER

Plaintiff is an inmate incarcerated in the Prairie Correctional Facility in Appleton, Minnesota. Plaintiff filed this Civil Rights Complaint against Defendants on January 10, 2000 [Docket Nos. 1 and 2]. Plaintiff's application to proceed in forma pauperis [Docket No. 3] was granted on January 27, 2000 [Docket No. 4]. Summons were issued as to Defendants on February 4, 2000. Service has yet to occur, and need not be undertaken. The matter is before the Court on Plaintiff's Motion to File an Amended Complaint [Docket No. 5].

Based upon all of the files, records and proceedings, the Court now makes and enters the following Order.

IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to File an Amended Complaint [Docket No. 5] is granted.

2. No later than March 1, 2000, Plaintiff shall file a First Amended Complaint with the Clerk of Court.

3. If Plaintiff files a First Amended Complaint, the Marshal shall then serve such First Amended Complaint upon Defendants. If Plaintiff fails to file a First

FILED FEB 15 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

Amended Complaint by March 1, 2000, this Court will recommend to the District Court that the current Complaint [Docket Nos. 1 and 2] be dismissed without prejudice.

4. The Court's Order dated January 26, 2000 [Docket No. 4] is withdrawn, and is replaced by this Order.

Dated: February 15, 2000

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

Plaintiff Moves the Court for an Order allowing him to file an Amended Complaint pursuant to Rules 15(a) and 19(a) of the Federal Rules of Civil Procedure. He specifically seeks to remove "Defendant Corrections Corporation of America and Linda G. Cooper" as a party and wishes to add "K. Eyrenberg," a Case Manager at Prairie Correctional Facility, as a Defendant.

The Federal Rules of Civil Procedure permit a plaintiff to amend his pleading once "as a matter of course" before Defendant files a responsive pleading. See Fed. R. Civ. P. 15(a). Here, Defendants have not been served with the initial Summons and Complaint. The Amendments sought by Plaintiff are therefore granted. However, Plaintiff must comply with Local Rule 15.1, which provides, in part, that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Plaintiff's Motion for Leave to File an Amended Complaint does not comply with this portion Local Rule 15.1, because he has attempted to file an amended complaint that does not "reproduce the entire pleading."

To ensure compliance with Local Rule 15.1, Plaintiff shall file an entirely new pleading, to be entitled "First Amended Complaint," no later than March 1, 2000. The First Amended Complaint must be an entirely new and complete pleading. Plaintiff shall state all of the factual and legal grounds on which his claims are based; add reference to "K. Eyrenberg" where appropriate; and delete reference to "Corrections Corporation of America and Linda G. Cooper" where appropriate. He shall not attempt to incorporate by reference any part of any prior pleading.

Marshal service shall be delayed until Plaintiff has filed a First Amended Complaint. If the First Amended Complaint has been filed by March 1, 2000, then the Marshal shall serve that pleading. If Plaintiff has not filed a First Amended Complaint by March 1, 2000, this Court will recommend that the Complaint [Docket Nos. 1 and 2] be dismissed without prejudice.

J.M.M.